IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ROY ARTERBURY, DELWIN COBB, CAVINS CORPORATION, | § § § |
| Plaintiffs, | § CIVIL ACTION NO. 5:16-CV-00183-RWS § § |
| v. | § § |
| ODESSA SEPARATOR, INC., | § § |
| Defendant. | § § |

## ORDER

Before the Court is Magistrate Judge Payne's Report and Recommendation (Docket No. 107) recommending the denial of Defendant's Motion for Summary Judgment (Docket No. 65). Defendant filed an objection to the Report and Recommendation (Docket No. 115). After considering the briefings and Defendant's objection, the Court agrees with the conclusions reached by the Magistrate Judge and therefore **ADOPTS** his recommendation.

Defendant only objects to the Magistrate Judge's refusal to construe a part of independent claim 1.[1] *See* Docket No. 115 at 2–3. In its Motion for Summary Judgment, Defendant asked the Court to construe the phrase "a portion of said wall has a reduced wall thickness which forms a weakened wall portion." *See* Docket No. 65 at 15–17. According to Defendant, the Court should define this term as "a portion of the cross section of the wall having a reduced thickness relative to some other portion of that same cross section." *Id.* at 17. The Magistrate Judge rejected this

---

[1] Defendant is not entitled to *de novo* review of any unobjected-to findings, conclusions and recommendations, and except upon grounds of plain error, Defendant is barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. 28 U.S.C § 636(b)(1)(C); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

argument and concluded that this construction unnecessarily limits the language of the claim. Docket No. 107 at 8.

Defendant now contends the phrase "which forms a weakened wall portion," a subset of the term it sought to define in its motion, "is a phrase coined for use in the '081 patent and has no ordinary meaning to a person of skill in the art." Docket No. 115 at 2. Therefore, "this phrase should have been construed no broader than the definition provided by the patent applicant." *Id*. Defendant also argues that every example in the specification describes the "weakened wall portion" as being a portion of a single cross section that has a reduced wall thickness and that the patent "adopted this single definition by implication." *Id*. (citing *Bell Atl. Network Servs. Inc. v. Covad Commc'ns Group, Inc.*, 262 F.3d 1258, 1271 (Fed. Cir. 2001)).

The Court agrees with the Magistrate Judge's recommendation to reject Defendant's construction. Per the Docket Control Order and this District's Local Patent Rules, Defendants disclosed and argued their claim constructions positions months ago. Docket No. 22 (setting the *Markman* hearing for August 7, 2018); *see also* P.R. 4-1–4-6 (providing the procedures for claim construction proceedings in this District). At that time, Defendants agreed that all but two disputed terms "should be given their plain and ordinary meaning." Docket No. 31 at 1. The Magistrate Judge adopted this proposal and no party appealed or objected to this determination. Docket No. 42 at 9. The Court will not revisit those agreed constructions now. *See Nuance Commc'ns, Inc. v. ABBYY USA Software House, Inc.*, 813 F.3d 1368, 1373 (Fed. Cir. 2016) ("The fact that shortly before trial [a party] became dissatisfied with its own proposed construction and sought a new one does not give rise to an [error]."); *see also Akamai Techs., Inc. v. Limelight Networks, Inc.*, 805 F.3d 1368, 1376 (Fed. Cir. 2015) (finding no error where "the parties agreed in the stipulation as to both the meaning and the scope of the term during claim construction" and concluding that the

defendant could not "argue at the jury instruction stage . . . that the construction was somehow too broad").

Because the Court agrees with the conclusion reached by the Magistrate Judge in his Report, the Court **ADOPTS** the Magistrate Judge's Recommendation. Accordingly, Defendants' Motion for Summary Judgment (Docket No. 65) is **DENIED**.

**SIGNED this 12th day of February, 2019.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE